UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LINGLING FAN,<br><br>                    Plaintiff,<br><br>            -against-<br><br>AMAZON.COM, INC.; DOES 1-20<br><br>                    Defendants. | 24-CV-8912 (LTS)<br><br>ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff brings this action, *pro se*, against Amazon.com regarding the alleged purchase of a controlled substance—hyaluronic acid injectable filler—on Defendant's website that caused Plaintiff to suffer an injury. The Court granted Plaintiff's *in forma pauperis* ("IFP") application on December 9, 2024, but dismissed the action on February 20, 2025, following Plaintiff's failure to submit a signature page for her complaint. On August 28, 2025, Plaintiff submitted a signed amended complaint and a "motion to reopen" (ECF 7). By order dated September 5, 2025, the Court construed the motion to reopen as brought under Rule 60(b) of the Federal Rules of Civil Procedure and granted the motion.

In addition to Plaintiff's motion to reopen, she also filed a motion to seal her IFP application (ECF 11) and an "emergency motion for temporary restraining order (decision on the papers)" (ECF 13). For the following reasons, the Court denies Plaintiff's motions

## DISCUSSION

### A.    Motion to seal

Both the common law and the First Amendment protect the public's right of access to court documents where a strong presumption of access attaches to the document. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). The United States Court of

Appeals for the Second Circuit has set forth a three-part analysis to determine whether a document relating to a lawsuit should be made available to the public. *See id.*

First, the Court must determine whether the document at issue is indeed a "judicial document," to which the public has a presumptive right of access. *Id.* at 119. "Documents submitted to the Court to influence its decision on a motion or application are judicial documents to which the presumption of public access attaches." *Wimberly v. Experian Info. Sols.*, No. 18-CV-6058 (MKV), 2021 WL 1146277, at *1 (S.D.N.Y. Mar. 24, 2021) (citing *Lugosch*, 435 F.3d at 121).

Second, the Court must determine the weight of the presumption of access. Where a plaintiff seeks to seal the information contained in an IFP application, "general concerns over disclosure of financial status have been held insufficient to overcome the presumption of public access." *Id.*

Third, "the court must balance competing considerations against" the presumption of access. *Lugosch*, 435 F.3d at 120 (internal quotation marks and citation omitted). "Such countervailing factors include but are not limited to the danger of impairing law enforcement or judicial efficiency and the privacy interests of those resisting disclosure." *Id.* (internal quotation marks and citation omitted). Generally, the privacy interests considered are those of innocent third parties. *See United States v. Amodeo*, 71 F.3d 1044, 1050-51 (2d Cir. 1995).

Generally, "[f]inancial records of a wholly owned business, family affairs, illnesses, embarrassing conduct with no public ramifications, and similar matters will weigh more heavily against access than conduct affecting a substantial portion of the public." *United States v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995); *see, e.g., Saadeh v. Kagan*, No. 20-CV-1945 (PAE) (SN), 2021 WL 965334, at *2 (S.D.N.Y. Mar. 15, 2021) (holding that "[t]he potential for a

negative impact on a party's future business or social status does not outweigh the presumption of access" and collecting cases); *Zabolotsky v. Experian*, 19-CV-11832 (GHW), 2021 WL 106416, at *3 (S.D.N.Y. 2021) (denying motion to seal case file "for the sake of [plaintiff's] livelihood and professional and personal reputation" because "[i]t is well-settled that neither generalized concerns of adverse publicity nor the possibility of future adverse impact on employment outweigh the presumption of public access" (internal quotations omitted)); *Badinelli v. Tuxedo Club*, No. 15-CV-06273 (VLB), 2018 WL 6411275, at *2 (S.D.N.Y. 2018) (refusing to seal case records, finding plaintiff's "interest in privacy, professional reputation, and earning capacity" did not "outweigh the interest in public access to the record").

The Court denies Plaintiff's request because she does not demonstrate that the information she included in her IFP application warrants protection from public access. In her motion, Plaintiff states only that her application "contains sensitive personal financial information, and public disclosure would invade Plaintiff's privacy without serving any public interest." (ECF 11, at 1.) This general desire for privacy does not outweigh the presumption of access. Moreover, the motion to seal does not concern the privacy interests of third parties.

Finally, the fact that Plaintiff's IFP application has been publicly available since November 20, 2024, when she filed it, weighs against restricting public access to it. *See, e.g.*, *United States v. Basciano*, Nos. 03-CR-0929, 05-CR-0060, 2010 WL 1685810, at *3-4 (E.D.N.Y. Apr. 23, 2010) (privacy interest in sealing documents was weakened by the fact that the public was already aware of the relevant information).

For these reasons, the Court denies Petitioner's motion to seal.

**B.    Motion for preliminary injunctive relief**

Plaintiff seeks preliminary injunctive relief, specifically, restoration of her Amazon.com account and a refund for an iPhone she purchased on Defendant's website.

To obtain preliminary injunctive relief, Plaintiff must show: (1) that she is likely to suffer irreparable harm and (2) either (a) a likelihood of success on the merits of her case or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in her favor. *See UBS Fin. Servs., Inc. v. W.V. Univ. Hosps., Inc.*, 660 F.3d 643, 648 (2d Cir. 2011) (citation and internal quotation marks omitted); *Wright v. Giuliani*, 230 F.3d 543, 547 (2d Cir. 2000). Preliminary injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Moore v. Consol. Edison Co. of N.Y., Inc.*, 409 F.3d 506, 510 (2d Cir. 2005) (internal quotation marks and citation omitted).

Plaintiff's submissions do not demonstrate: (1) a likelihood of success on the merits, or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in her favor. Indeed, the relief Plaintiff seeks in her motion does not relate to the claims she asserts in her complaint. Accordingly, the Court denies Plaintiff's request for preliminary injunctive relief. The Court will issue a further explanatory order at a later date.

## CONCLUSION

The Court denies Plaintiff's motion to seal (ECF 11) and her motion for preliminary injunctive relief (ECF 13). The Court directs the Clerk of Court to terminate these motions.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant

demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: September 8, 2025
New York, New York

           /s/ Laura Taylor Swain
           LAURA TAYLOR SWAIN
           Chief United States District Judge